



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAYTON COMMERCIAL** | : | |
| **LITIGATION LLC,** | : | |
| **Two Penn Center** | : | |
| **1500 JFK Blvd, Ste. 920** | : | |
| **Philadelphia,PA 19102** | : | **18    2383** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | Civil Action No. |
| | : | |
| **GASTROENTEROLOGY GROUP** | : | |
| **OF SOUTH JERSEY, P.C. &** | : | FILED |
| **ENDOSCOPY CENTER** | | |
| **OF SOUTH JERSEY, P.C.** | : | JUN 06 2018 |
| **602 W. Sherman Avenue** | : | |
| **Vineland, NJ 08360-7072,** | : | KATE BARKMAN, Clerk |
| | : | By _____ Dep. Clerk |
| **VINCENT MCLAUGHLIN** | : | |
| **5 Pawtucket Drive** | : | |
| **Cherry Hill, NJ 08003, and** | : | |
| | : | |
| **JAMES IZANEC** | : | |
| **310 Roberts Avenue** | : | |
| **Haddonfield, NJ 08033** | : | |
| **Defendants.** | : | |

### NOTICE OF REMOVAL

Defendants Gastroenterology Group of South Jersey, P.C. ("GGSJ"), Endoscopy Center

of South Jersey, P.C. ("ECSJ"), Vincent McLaughlin ("McLaughlin"), and James Izanec

("Izanec"), hereby give notice of the removal of the civil action captioned *Clayton Commercial*

*Litigation, LLC v. et al. v. Gastroenterology Group of South Jersey, P.C., et al*, March Term,

2018, No. 180400110 from the Philadelphia County Court of Common Pleas to the United States

District Court for the Eastern District of Pennsylvania. This notice of removal is filed pursuant to

28 U.S.C. § § 1441 and 1446, and 28 U.S.C. §1332(a). As grounds for removal, defendants aver

as follows:

1.      Plaintiff instituted this action against Defendants GGSJ, ECSJ, McLaughlin, and Izanec in the Philadelphia County Court of Common Pleas, March Term, 2018, No. 180400110 by filing a Writ of Summons on March 30, 2018.

2.      Plaintiffs subsequently filed its Complaint on May 14, 2018 and served Defendants with a copy of the Complaint in the state court action on May 14, 2018.  Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Defendants are attached hereto as Exhibit "A".

3.      Plaintiff's Complaint was the first paper received by Defendants from which they could ascertain that this case was removable to federal court.  Accordingly, this notice of removal is timely pursuant to 28 U.S.C. 1446(b), which provides that the notice of removal of a civil action shall be filed within thirty days (30) after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the proper parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Defendants are informed and believe that at the time plaintiff's Complaint was filed, and at the time this notice is being filed, plaintiff was a Pennsylvania limited liability company with its principal place of business in Pennsylvania. (*See* Exh. A, Complaint ¶1)

6.      At the time plaintiff's Complaint was filed, and at the time this notice is being filed, defendant GGSJ was and is incorporated in and maintains its principal place of business in the State of New Jersey. (*Id.*, ¶2)

2

7.      At the time plaintiff's Complaint was filed, and at the time this notice is being filed, defendant ECSJ was and is incorporated in and maintains its principal place of business in the State of New Jersey. (*Id.*, ¶3)

8.      At the time plaintiff's Complaint was filed, and at the time this notice is being filed, defendant McLaughlin was an individual residing in and a citizen of the State of New Jersey. (*Id.*, ¶4)

9.      At the time plaintiff's Complaint was filed, and at the time this notice is being filed, defendant Izanec was an individual residing in and a citizen of the State of New Jersey. (*Id.*, ¶5)

10.     The Complaint avers that Plaintiff provided legal representation to Defendants in litigation that was filed in the State of New Jersey (*Id.*, ¶16) and that Defendants have failed to pay Plaintiff the full amount of its invoiced legal fees. (*Id.*, ¶¶13, 50)

11.     Although Plaintiff's Complaint does not contain a specific amount of damages Plaintiff is seeking, Plaintiff's Cover Sheet that was part of Plaintiff's filing of its Writ of Summons indicated that the amount in controversy was in excess of $50,000. (*See* Exh. A, Cover Sheet to Complaint)

12.     However, while not stated in Plaintiff's Complaint, the amount of money Plaintiff claimed was outstanding and owed to it by Defendants pursuant to the terms of Plaintiff's engagement letters was more than $75,000.

13.     In addition, Plaintiff's Complaint makes an open-ended claims for damages including punitive damages, attorneys' fees, and interest pursuant to the terms of its engagement letters. (*See* Exh. A,  Plaintiff's Complaint, Ad Damnum at p. 13 and ¶51)

14.    Plaintiff's Complaint also purports to state claims for fraud and conversion and seeks punitive damages. (*See* Exh. A, Complaint ¶¶ 58-62, 69-72) Punitive damages can be used to reach the amount in controversy requirement. *Golden v. Golden*, 382 F. 3rd 348, 356 (3d Cir. 2004) *overruled in part on other grounds* by *Marshall v. Marshall*, 547 U.S. 293, 310-11 (2006).

15.    Under New Jersey law, Plaintiffs who are entitled to punitive damages can collect punitive damages of up to five times the compensatory damages. N.J.S.A. § 2A:15-5.14(b).

16.    A reasonable reading of the value of the Plaintiff's claim and the damages sought clearly shows that the Plaintiff seeks damages in an amount in excess of $75,000.00, exclusive of interest and costs.

17.    Pursuant to 28 U.S.C. §1446(d), a copy of this notice of removal is being served on all parties and filed with the Prothonotary of the Philadelphia Court of Common Pleas.

**WHEREFORE**, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship between the Plaintiff and Defendants, and removal pursuant to 28 U.S.C. §1441(a) is appropriate.

O'RIORDAN LAW FIRM

By: _____

John F. O'Riordan, Esquire
Identification No. 59311
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 568-6864
*Attorney for Defendants Gastroenterology*
*Group of South Jersey, P.C., Endoscopy Center*
*of South Jersey, P.C., and Vincent McLaughlin*

Dated: June 6, 2018

4

## CERTIFICATE OF SERVICE

I, John F. O'Riordan, Esquire, hereby certify that on June 6, 2018, I caused a true and

correct copy of the foregoing Notice of Removal to be filed electronically with the Court, and to

be served via electronic mail upon the following counsel of record:

> E. McCord Clayton, Esq.
> Clayton Commercial  Litigation LLC
> Two Penn Center
> 1500 JFK Boulevard, Suite 920
> Philadelphia, PA 19102
> Cord@CiaytonLit.com

*Attorneys for Plaintiff*

John F. O'Riordan

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2018**
E-Filing Number: 1803068120

**000110**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CLAYTON COMMERCIAL LITIGATION LLC | GASTROENTEROLOGY GROUP OF SOUTH JERSEY, P.C. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2 PENN CENTER 1500 JFK BLVD, SUITE 920 PHILADELPHIA PA 19102 | 602 W. SHERMAN AVENUE VINELAND NJ 08360-7072 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ENDOSCOPY CENTER OF SOUTH JERSEY, P.C. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 602 W. SHERMAN AVE, VINELAND NJ 08360 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | VINCENT MCLAUGHLIN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 5 PAWTUCKET DRIVE CHERRY HILL NJ 08003 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☐ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☒ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

MAR **30** 2018

**M. BRYANT**

IS CASE SUBJECT TO COORDINATION ORDER?
YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CLAYTON COMMERCIAL LITIGATION LLC</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CLAYTON E. MCCORD | CLAYTON COMMERCIAL LITIGATION TWO PENN CENTER 1500 JFK BOULEVARD, SUITE 920 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)242-3943 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 76572 | cord@claytonlit.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *CLAYTON MCCORD* | Friday, March 30, 2018, 09:56 am |

FINAL COPY (Approved by the Prothonotary Clerk)

# COMMERCE PROGRAM ADDENDUM
# TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____  1.  Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

__X__  2.  Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

     _____  a.  Uniform Commercial Code transactions;

     _____  b.  Purchases or sales of business or the assets of businesses;

     __X__  c.  Sales of goods or services by or to business enterprises;

     _____  d.  Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

     _____  e.  Surety bonds;

     _____  f.  Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

     _____  g.  Franchisor/franchisee relationships.

_____  3.  Actions relating to trade secret or non-compete agreements;

__X__  4.  "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____  5.  Actions relating to intellectual property disputes;

_____  6.  Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____  7.  Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

_____  8.  Actions relating to corporate trust affairs;

_____  9.  Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

_____ 10.  Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**COMPLETE LIST OF DEFENDANTS:**

```
1. GASTROENTEROLOGY GROUP OF SOUTH JERSEY, P.C.
     602 W. SHERMAN AVENUE
     VINELAND NJ 08360-7072
2. ENDOSCOPY CENTER OF SOUTH JERSEY, P.C.
     602 W. SHERMAN AVE,
     VINELAND NJ 08360
3. VINCENT MCLAUGHLIN
     5 PAWTUCKET DRIVE
     CHERRY HILL NJ 08003
4. JAMES IZANEC
     310 ROBERTS AVENUE
     HADDONFIELD NJ 08033
```

By:  E. McCord Clayton, Esq.
I.D. No. 76572
**Clayton Commercial Litigation LLC**
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102
Ph: 267-242-3943
Cord@ClaytonLit.com
www.claytonlit.com                                      Attorney for Plaintiff

| | | |
|---|---|---|
| CLAYTON COMMERCIAL | : | COURT OF COMMON PLEAS |
| LITIGATION LLC | : | |
| Two Penn Center | : | |
| 1500 JFK Blvd, Ste. 920 | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19102 | : | |
| | : | TRIAL DIVISION |
| | : | |
| | : | |
| Plaintiff, | : | MARCH TERM, 2018 |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| GASTROENTEROLOGY GROUP | : | |
| OF SOUTH JERSEY, P.C.      & | : | Not an Arbitration Case / |
| ENDOSCOPY CENTER | : | Damages Assessment Not Required |
| OF SOUTH JERSEY, P.C. | : | |
| 602 W. Sherman Avenue | : | |
| Vineland, NJ  08360-7072 | : | |
| | : | |
| VINCENT MCLAUGHLIN | : | |
| 5 Pawtucket Drive | : | |
| Cherry Hill, NJ 08003 | : | |
| | : | |
| JAMES IZANEC | : | |
| 310 Roberts Avenue | : | |
| Haddonfield, NJ  08033 | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

Commerce Court

*Filed and Attested by the Office of Judicial Records 30 MAR 2018 09:56 am M. BRYANT*

To the Prothonotary:

Kindly issue a Writ of Summons – Civil Action to Defendants in the above-captioned

matter.

_____

E. McCord Clayton, Esq.

Dated: March 29, 2018

Case ID: 180400110

C.P.97

# Commonwealth of Pennsylvania

## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

COURT OF COMMON PLEAS

*Filed and Attested by the
Office of Judicial Records
30 MAR 2018 09:56 am
M. BRYANT*

No. _____

*vs.*

To<sup>(1)</sup>

You are notified that the Plaintiff<sup>(2)</sup>
*Usted esta avisado que el demandante<sup>(2)</sup>*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____



**180400110**
03/30/2018 09:56 am
M. BRYANT

Date _____

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 180400110

COURT OF COMMON PLEAS

_____ Term, 20 _____ No. _____

vs.

SUMMONS

Case ID: 180400110

# Affidavit / Return of Service

| | | |
|---|---|---|
| **Plaintiff:** | CLAYTON COMMERCIAL LITIGATION LLC | **Court Term & No.:** 180400110 |
| | | E-File# 1804035276 |
| **Defendant:** | JAMES IZANEC | **Document Served:** Plaintiff's Writ of Summons |
| **Serve at:** | 310 ROBERTS AVE | **Company Reference/Control No.:** 154938 |

Served and Made Known to JAMES IZANEC on 04/10/2018 at 05:33 PM, in the manner described below:

 Party(s) personally served. NAME: _____

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | 45 | 5' 10" | 170 lbs. | Caucasian | Male |
| | **Other:** | | | | |

| **Company Profile:** | **Name of Server:** MICHAEL DOYLE |
|---|---|
| DENNIS RICHMAN SERVICES FOR THE PROFESSIONAL, INC. 1500 J.F.K. BOULEVARD SUITE 1706 PHILADELPHIA PA 19102 PHONE: (215)977-9393 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 15 APR 2018 08:14 PM**

## Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | CLAYTON COMMERCIAL LITIGATION LLC | **Court Term & No.:** 180400110 | |
| | | E-File# 1804035275 | |
| **Defendant:** | ENDOSCOPY CENTER OF SOUTH JERSEY PC GASTROENTEROLOGY GROUP OF SOUTH JERSEY VINCENT MCLAUGHLIN | **Document Served:** Plaintiff's Writ of Summons | |
| **Serve at:** | 602 W SHERMAN AVE | **Company Reference/Control No.:** 154935, 36, 37 | |

Served and Made Known to ENDOSCOPY CENTER OF SOUTH JERSEY PC, GASTROENTEROLOGY GROUP ... on 04/10/2018 at 01:17 PM, in the manner described below:

 Party(s) personally served. NAME: VINCENT MCLAUGHLIN

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | 60 | 6' 0" | 200 lbs. | Caucasian | Male |
| | **Other:** | | | | |

| **Company Profile:** | **Name of Server:** MICHAEL DOYLE |
|---|---|
| DENNIS RICHMAN SERVICES FOR THE PROFESSIONAL, INC. 1500 J.F.K. BOULEVARD SUITE 1706 PHILADELPHIA PA 19102 PHONE: (215)977-9393 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

FILED AND ATTESTED PRO-PROTHY 15 APR 2018 08:13 PM

By:  E. McCord Clayton, Esq.
I.D. No. 76572
**Clayton Commercial Litigation LLC**
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102
Ph: 267-242-3943
Cord@ClaytonLit.com
www.claytonlit.com
Attorney for Plaintiff



| | | |
|---|---|---|
| CLAYTON COMMERCIAL | : | COURT OF COMMON PLEAS |
| LITIGATION LLC | : | |
| Two Penn Center | : | |
| 1500 JFK Blvd, Ste. 920 | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19102 | : | |
| | : | TRIAL DIVISION |
| | : | |
| | : | |
| Plaintiff, | : | MARCH TERM, 2018 |
| | : | |
| v. | : | CIVIL ACTION NO. 180400110 |
| | : | |
| GASTROENTEROLOGY GROUP | : | |
| OF SOUTH JERSEY, P.C.     & | : | |
| ENDOSCOPY CENTER | : | |
| OF SOUTH JERSEY, P.C. | : | |
| 602 W. Sherman Avenue | : | |
| Vineland, NJ  08360-7072 | : | |
| | : | |
| VINCENT MCLAUGHLIN | : | |
| 5 Pawtucket Drive | : | |
| Cherry Hill, NJ 08003 | : | |
| | : | |
| JAMES IZANEC | : | |
| 310 Roberts Avenue | : | |
| Haddonfield, NJ  08033 | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |
| | : | |

## **COMPLAINT**

## **Notice to Defendants**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197

2

Case ID: 180400110

Plaintiff Clayton Commercial Litigation, LLC ("CCL-LLC"), by and through its undersigned counsel, hereby brings this Complaint against Defendants Gastroenterology Group of South Jersey, P.C., Endoscopy Center of South Jersey, P.C. (together, the "Medical Practice"), Vincent McLaughlin and James Izanec (all four collectively, "Defendants") and avers as follows:

## THE PARTIES

1.      Plaintiff CCL-LLC is a Pennsylvania LLC operating as a law firm with a business office located at Two Penn Center, Suite 920, 1500 JFK Blvd., Philadelphia PA  19102.

2.      Defendant Gastroenterology Group of South Jersey, P.C., is a corporation operating as a medical practice with a business address located at 602 W. Sherman Avenue, Vineland, NJ  08360-7072.

3.      Defendant Endoscopy Center of South Jersey, P.C., is a corporation operating as a medical practice with a business address located at 602 W. Sherman Avenue, Vineland, NJ  08360-7072.

4.      Defendant Vince McLaughlin ("Dr. McLaughlin") is an individual and medical doctor with a home address located at 5 Pawtucket Drive, Cherry Hill, NJ, 08003 and a business address at the Medical Practice located at 602 W. Sherman Avenue, Vineland, NJ 08360-7072.

5.      Defendant James Izanec ("Dr. Izanec") is an individual and medical doctor with a home address located at 310 Roberts Avenue, Haddonfield, NJ  08033.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in this Court.

3

Case ID: 180400110

7.     The Plaintiff CCL-LLC is a law firm organized as a Pennsylvania LLC with its office located in Philadelphia, Pennsylvania.

8.     The Defendants initiated contact with CCL-LLC at its office in Philadelphia, Pennsylvania for the purposes of engaging CCL-LLC's services.

9.     The Defendants knew, at all times pertinent hereo, that Plaintiff's office was located in Philadelphia, Pennsylvania.

10.    Apart from appearances in court, all or most of the work that CCL-LLC performed on Defendants' behalf was performed in Philadelphia, Pennsylvania.  Defendants knew and understood this as well.

11.    The Defendants sent checks, documents and payments to CCL-LLC at its office in Philadelphia, Pennsylvania.

12.    The engagement letters executed by Defendants noted CCL-LLC's office address as being in Philadelphia, Pennsylvania.

13.    The Defendants have an unpaid balance owing to CCL-LLC for work it performed on their behalf.  Accordingly, CCL-LLC provided Defendants with pre-action notice of its intent to sue pursuant to New Jersey Rule 1:20A-6, and of Defendants' potential right, if they so desired, to seek fee arbitration instead.

14.    Defendants responded by seeking fee arbitration.

15.    The New Jersey fee committee declined to exercise jurisdiction over the dispute, thus allowing for this suit to proceed.

4

## FACTUAL BACKGROUND

16.     Defendants Izanec and McLaughlin initially engaged CCL-LLC pursuant to an engagement letter dated November 2, 2016, in connection with an action that had been filed against them in Gloucester County, New Jersey, by Dr. Gary Matusow, a former shareholder and employee of the Medical Practices.  *See* Exhibit A.

17.     Ultimately, the action in Gloucester County mushroomed to embrace four distinct actions, all of which were initiated (in different counties) by Dr. Matusow or his entities, but which were ultimately consolidated before the same Court in Gloucester County (under docket nos. GLO-C-54-16; 26-17; 25-17; and 42-17) (collectively, the "Matusow Litigations").

18.     CCL-LLC regularly submitted monthly invoices to Defendants throughout the course of the representation.

19.     Pursuant to the engagement letters of CCL-LLC, any objection to an invoice was waived unless brought to the attention of Plaintiff within 60 days of the invoice date.

20.     Defendants never objected orally to any of Plaintiff's monthly invoices during the course of the representation or within 60 days of the transmission of the final invoice on December 8, 2017.

21.     Defendants never objected in writing to any of Plaintiff's monthly invoices during the course of the representation or within 60 days of the transmission of the final invoice on December 8, 2017.

22.     Defendants, in fact, never indicated any objections whatever relating to the invoices of CCL-LLC at any time prior to filing for fee arbitration on or about March 27, 2018, which was in response to Plaintiff's pre-action notice seeking to collect on payments owed.

5

23.     On the contrary, Defendants routinely assured CCL-LLC that all of its invoices would be paid in full.

24.     During the course of the representation, CCL-LLC responded to Defendants' occasional budget inquiries by providing anticipated cost estimates, including via emails dated May 8, 2017, and October 20, 2017.

25.     CCL-LLC's fees as ultimately billed were consistent with those prior cost estimates.

26.     The initial engagement letter was later modified on July 15, 2017.  *See* Exhibit B.  At the time of the modification, Defendants were in arrears on payment (and thus in default of the original engagement letter) and, in addition, they wanted CCL-LLC to further formalize its representation of the Medical Practice in connection with their desire for corporate indemnification.

27.     At all times prior to the July 15, 2017, engagement letter, Defendant Izanec had represented that it was his intention to continue as an employee and shareholder of the Medical Practice for the long term.

28.     Upon information and belief arising thereafter, however, Dr. Izanec's representations were knowingly false and, in fact, Dr. Izanec was secretly planning his departure from the Medical Practice by seeking other employment elsewhere throughout early 2017.

29.     This is an indication of fraud.  It was aimed at projecting a false and misleading image of business strength and partnership solidarity and thereby obtaining legal representation at the expense of others.

Case ID: 180400110

30.     After an ethical conflict arose between Defendants Izanec and McLaughlin as a result of Dr. Izanec's proposed separation from the Medical Practice, CCL-LLC prepared an addendum to the July 15, 2017, engagement letter for the purpose of addressing said conflict.  Defendants entered into that addendum on or about September 17, 2017.  *See* Exhibit C.

31.     Pursuant to the September 17, 2017, addendum, Plaintiff required that Defendants Izanec and McLaughlin consult separately with their own independent, personal counsel regarding whether or not to continue jointly to engage CCC-LLC to represent them in the Matusow Litigations in light of the conflict that had arisen between them.

32.     By counter-signing the September 17, 2017 addendum, Defendants Izanec and McLaughlin represented to CCL-LLC that they had consulted with independent counsel regarding their decision to continue jointly to engage CCC-LLC.

33.     Defendants Izanec and McLaughlin did, in fact, consult with independent counsel regarding their decision to continue jointly to engage CCC-LLC.

34.     More specifically, Dr. Izanec consulted with Steven Falanga, Esq., and Dr. McLaughlin consulted with John O'Riordan, Esq., regarding their individual decisions to enter into the September 17, 2017 addendum.

35.     From that point onward (if not sooner), Drs. Izanec and McLaughlin both had engaged the aforementioned independent counsel to represent their personal interests in connection with the Matusow Litigations, the conflict between them, and the joint engagement of CCL-LLC.

7

36.     Acting in that capacity, said counsel reviewed pleadings, motion papers and invoices, opined regarding case strategy, solicited litigation budgets, and came to court to observe oral argument presented by CCL-LLC.

37.     At various points during the representation, Defendants fell behind in their payments to CCL-LLC.

38.     Nevertheless, Defendants consistently assured CCL-LLC that the payments would be tendered in full such that CCL-LLC would be made whole relative to all invoices billed.

39.     Some of these assurances were reflected in writing, including in an email dated April 24, 2017; in the July 15, 2017 engagement letter; and in the September 17, 2017 engagement addendum.

40.     In addition, Defendants Izanec and McLaughlin frequently, indeed routinely, made similar assurances orally to the effect that CCL-LLC would be paid in full for its services as billed.

41.     Among numerous other instances, Defendants assured CCL-LLC, for example, that payment in full would be forthcoming as soon as the Court supervising the Matusow Litigations authorized corporate payment of legal fees by the Medical Practice, which the Court then did by Order dated July 7, 2017.  Nevertheless, Defendants submitted only partial payment then and continued to be in arrears thereafter.

42.     On or about October 17, 2017, Dr. Izanec called E. McCord Clayton, Esq. (the principal of CCL-LLC).

Case ID: 180400110

43.     Dr. Izanec said words to the effect then that, "I know we've always said we were going to pay you in full, Cord, but now I'm not sure that's gonna happen. Now Vince is saying that it is his understanding that your fee can be worked out downstream after the matter has resolved."

44.     Dr. McLaughlin had never previously suggested to Plaintiff, however, that its fees could be worked out downstream after the matter had resolved. On the contrary, Dr. McLaughlin had at all times assured Plaintiff that payment in full would be rendered and, indeed, was forthcoming imminently.

45.     This is an indication of fraud. It suggests a scheme to secure legal services under the false promise of payment while, all the while, planning not to pay as promised but, instead, to demand a discount after the legal services had been provided.

46.     In consummation of that intentional fraud, Dr. McLaughlin later directed his representative to communicate an offer to Plaintiff, on May 10, 2018, to resolve Plaintiff's entire extant fee balance for a payment amounting to less than 25% of the amount invoiced.

47.     Pursuant to the engagement letters, Defendants' tender of payments on prior invoices reflected Defendants' agreement to the amount charged on said invoices.

48.     Defendants made payments on Plaintiffs' invoices up to and including on September 29, 2017, thus reflecting their agreement to the amounts charged on all invoices prior thereto.

49.     CCL-LLC concluded its engagement with Defendants on or about November 30, 2017, and sent its final invoice on or about December 8, 2017.

Case ID: 180400110

50.     Since that time, Defendants have failed and refused to pay amounts owed to CCL-LLC pursuant to its invoices.

51.     Plaintiff's engagement letters provided specifically for interest, as well as for attorneys' fee-shifting in the event a collection action such as this should ever become necessary.  Accordingly, both interest and attorneys' fees are among the damages sought herein.

52.     The documents attached as Exhibits A-C hereto are true, correct and authentic.

## COUNT ONE:
## BREACH OF CONTRACT

53.     The allegations of the foregoing paragraphs are incorporated herein by reference.

54.     A valid contract exists between the parties as described above.

55.     Defendants' performance thereunder is defective relative to the terms of that agreement.

56.     Defendants' actions also constitute a breach of the implied covenant of good faith and fair dealing.

57.     Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

## COUNT TWO:
## FRAUD

58.     The allegations of the foregoing paragraphs are incorporated herein by reference.

Case ID: 180400110

59.    Defendants have made representations to Plaintiff.

60.    The representations were material to the transaction at hand.

61.    The representations were knowingly false.

62.    Defendants intended for Plaintiff to rely on them, and Plaintiff justifiably did so to its detriment.

63.    Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

## COUNT THREE:
## PROMISSORY ESTOPPEL

64.    The allegations of the foregoing paragraphs are incorporated herein by reference.

65.    Defendants made promises to Plaintiff which they should reasonably have expected would induce action of a definite and substantial character on the part of Plaintiff.

66.    Those promises did induce such action.

67.    Injustice can be avoided only by enforcement of the promise.

68.    Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

Case ID: 180400110

**COUNT FOUR:**
**CONVERSION**

69.     The allegations of the foregoing paragraphs are incorporated herein by reference.

70.     Plaintiff has clear legal ownership of certain property.

71.     Defendants have wrongfully laid claim to Plaintiff's property in order to appropriate said property for itself.

72.     Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

**COUNT FIVE:**
**UNJUST ENRICHMENT**

73.     The allegations of the foregoing paragraphs are incorporated herein by reference.

74.     Plaintiff conferred benefits on the Defendants.

75.     Defendants appreciated said benefits.

76.     Defendants accepted and retained such benefits.

77.     Defendants have been unjustly enriched thereby.

78.     It would be inequitable for Defendants to retain such benefits without the payment of value.

79.     Plaintiff has suffered damages thereby.

12

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

## PRAYER FOR RELIEF

80.     The allegations of the foregoing paragraphs are incorporated herein by reference.

81.     **WHEREFORE**, Plaintiff demands judgment in its favor, and against Defendants, as follows:

        81.1.   Pecuniary damages, including but not limited to:

            1)      Compensatory and consequential damages;

            2)      Punitive damages;

            3)      Interest, costs and attorneys' fees; and

            4)      Such other relief as is reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

_E. McCord Clayton_

_____
E. McCord Clayton, Esq.

Dated: May 14, 2018

13

Case ID: 180400110

## AFFIDAVIT AND VERIFICATION

I, E. McCord Clayton, hereby state that I am authorized to make this affidavit and verification, that I have personal knowledge of the factual statements made in the foregoing document, and that those statements are true and correct to the best of my knowledge, information and belief.

I understand that the statements made in this Affidavit and Verification are made subject to the Penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
E. McCord Clayton, Esq.

Dated: May 14, 2018

14

CERTIFICATE OF SERVICE

I hereby certify that, on the below-referenced date, I served the foregoing document and supporting exhibits by mail on Defendants at the following addresses:

Gastroenterology Group of South Jersey, P.C. &
Endoscopy Center of South Jersey, P.C. &
Vincent McLaughlin
602 W. Sherman Avenue
Vineland, NJ  08360-7072

James Izanec
310 Roberts Avenue
Haddonfield, NJ  08033

_____
E. McCord Clayton, Esq.

Dated: May 14, 2018

Case ID: 180400110

# CLAYTON COMMERCIAL LITIGATION LLC

Filed and Attested by the
Office of Judicial Records
14 MAY 2018 11:16 am
A. STAMATO

2 Penn Center                                    267-242-3943
1500 JFK Boulevard, Suite 920                    cord@claytonn.com
Philadelphia, PA  19102                          www.claytonlit.com

November 2, 2016

<u>Via Email:</u>
Dr. James Izanec
Dr. Vincent McLaughlin
c/o Gastroenterology Group & Endoscopy Center of South Jersey
602 W. Sherman Avenue
Vineland, NJ  08360-7072

    **RE:**    **DISPUTE WITH DR. GARY MATUSOW**

Dear Drs. Izanec and McLaughlin:

We understand that a dispute has arisen between yourselves – *i.e.,* Drs. Izanec and McLaughlin (collectively, "you") – and Dr. Gary Matusow in connection with Dr. Matusow's role at Gastroenterology Group & Endoscopy Center of South Jersey ("GGSJ"). We further understand that you seek to engage my firm to represent you relative to the matter. The purpose of this letter is to set forth (a) our understanding of the scope of our representation and the services you expect us to perform, and (b) our expectations regarding billing.

*Scope of Representation*

Our understanding is that you will look to us for advice only with regard to the above-referenced specific matter. You acknowledge that we have not made any guarantees regarding the outcome of the matter; the nature or amount of any awards, attorneys' fees, or costs; or any other aspects of this matter. Neither you nor we are aware of any existing client relationship or representation of ours that presents a conflict of interest.

We understand that we are not being retained as your general counsel, or GGSJ's general counsel, and that our representation is limited to this specific matter. Our acceptance of this representation does not involve an undertaking to represent you, your interests, or any other affiliate, individual or entity other than as described above. Nor will our representation encompass advice or services regarding accounting, tax, personal financial matters or business management, or any other non-legal matters.

During the engagement, we expect generally to maintain documents only in electronic (and not paper) format for reasons of cost and efficiency. Once our engagement ends, you may

# CLAYTON COMMERCIAL LITIGATION LLC

direct us to return documents pertaining to the engagement to you, absent which you agree that any materials left with us may be retained or destroyed at our discretion consistent with the rules of professional responsibility.

To the extent not otherwise prohibited by rules of professional responsibility, we may terminate our representation at any time if you breach any material term of this agreement; fail to cooperate or follow our advice on a material matter including settlement; if a conflict of interest develops or is discovered; or if there exists, at any time, any fact or circumstance that would, in our opinion, render our continuing representation unlawful, unethical, or otherwise inappropriate.

While this letter is intended to deal only with the specific legal services described above, these terms and conditions will also apply to any additional legal services that we may subsequently agree to provide that are outside the scope of our representation, unless otherwise specified in writing.

*Billing Matters*

Our billing arrangement encompasses both attorney's fees and expenses. Each of these categories is addressed separately below.

I currently bill for my legal services by the hour at the rate of $485/hour. That rate is subject to periodic adjustment – based on factors such as increased costs, inflation, market factors and increasing expertise – and the adjusted rate will apply to all services performed thereafter. I may also sometimes involve other personnel to assist regarding your matter, both lawyers and staff, and will bill you for such services at market rates that are commensurate with the nature of the services, the experience of the service provider, and/or the rates typically charged by other law firms for similar services.

You will be responsible for paying all out-of-pocket expenses on an ongoing basis. Expenses typically include filing and related fees, duplicating, messenger and delivery services, overnight mail, travel, staff overtime, court reporters, transcripts and computerized legal research. You authorize us to incur all such costs as are reasonable and necessary to our representation. Please note that there are often unavoidable delays in reporting disbursements and other charges, and not all such charges will be billed at the same time as the related legal services.

To cover such expenses initially, we are asking now for a $5,000 expense retainer. We will apply this to expenses as incurred and require that it be replenished if and when it approaches exhaustion.

Our statements will be transmitted to you monthly by email (addressed to Dr. Izanec) and are due and payable upon receipt. Each of you agrees individually to be jointly and severally

Case ID: 180400110

## CLAYTON COMMERCIAL LITIGATION LLC

responsible for their payment. Any objection to the invoice is waived unless brought to our attention within 60 days of the invoice date, and payment of the invoice will reflect your agreement to the amount charged on that invoice. For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month. If we have to file an action or proceeding to collect any payments owed, you will be required to pay for all costs and attorneys' fees associated with collection.

If you understand and agree to the foregoing, then please sign and return a duplicate of this letter to me. Please also forward the $5,000 expense retainer.

If at any time you wish to discuss the scope of our representation, or the level of activity, or any other aspect of our work or billing for it, please let me know. We look forward to this engagement very much and assure you of our commitment to deliver effective and efficient service.

Very truly yours,

E. McCord Clayton

ACKNOWLEDGED AND AGREED:

_____        DATE_____

Dr. James Izanec

DATE _11/15/16_

Dr. Vincent McLaughlin

# CLAYTON COMMERCIAL LITIGATION LLC

responsible for their payment. Any objection to the invoice is waived unless brought to our attention within 60 days of the invoice date, and payment of the invoice will reflect your agreement to the amount charged on that invoice. For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month. If we have to file an action or proceeding to collect any payments owed, you will be required to pay for all costs and attorneys' fees associated with collection.

If you understand and agree to the foregoing, then please sign and return a duplicate of this letter to me. Please also forward the $5,000 expense retainer.

If at any time you wish to discuss the scope of our representation, or the level of activity, or any other aspect of our work or billing for it, please let me know. We look forward to this engagement very much and assure you of our commitment to deliver effective and efficient service.

Very truly yours,

E. McCord Clayton

ACKNOWLEDGED AND AGREED:

Dr. James Izanec                                DATE  11516

Dr. Vincent McLaughlin                          DATE 11/15/16 .

Case ID: 180400110

2 Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102

267-242-3943
cord@claytonlit.com
www.claytonlit.com

*Filed and Attested by the
Office of Judicial Records
14 MAY 2018 11:16 am
A. STAMATO*

July 15, 2017

Via Email:
Dr. James Izanec
Dr. Vincent McLaughlin
c/o Gastroenterology Group & Endoscopy Center of South Jersey
602 W. Sherman Avenue
Vineland, NJ  08360-7072

RE:    MATUSOW *ET AL.* V. IZANEC *ET AL.* (GLO. NO. 54-16 AND CUM. NOS.
       370-17, 371-17 AND 304-17)

Dear Drs. Izanec and McLaughlin:

As you know, on July 7, 2017, the Court ordered that the corporations Gastroenterology Group of South Jersey, P.C. ("GGSJ") and the Endoscopy Center of South Jersey, P.C. ("ECSJ") (together, the "Corporations") are now authorized to pay legal bills directly in the above-referenced consolidated matters. Accordingly, this represents an opportune occasion to update and clarify the terms of my firm's engagement herein by setting forth (a) our understanding of the scope of our representation and the services we are expected to perform, and (b) our expectations regarding billing.

*Scope of Representation*

We understand that we are being engaged to continue to represent all of Drs. Izanec, McLaughlin and the Corporations (collectively, "You") in the above-referenced matters. Our understanding is that You will look to us for advice only with regard to those specific matters. You acknowledge that we have not made any guarantees regarding the outcome of the matters; the nature or amount of any awards, attorneys' fees, or costs; or any other aspects of these matters.

We have explained that there is a possibility of a conflict of interest existing or arising among You, and the resulting implications. In the interests of cost, efficiency and effectiveness, You have nonetheless elected to engage my firm to represent all of You together. We believe this approach is viable under the circumstances herein as presented to date.

We intend to bill our time in three distinct categories. The first will relate to the eviction, insurance premium and other issues pertaining to the landlord-tenant disputes. The second will relate to the dispute between Dr. Matusow and the Corporations. The third will relate to the dispute between Dr. Matusow and Drs. Izanec and McLaughlin (we do not anticipate treating the latter two doctors distinctly). Although necessarily inexact and overlapping, we will nonetheless make a good-faith effort to allocate our time among each of these categories depending on the work performed.

# CLAYTON COMMERCIAL LITIGATION LLC

Under the Court's recent Order, You are authorized to pay invoices relating to all three of the foregoing categories using the funds of the Corporations as You deem appropriate in the exercise of Your business judgment.  The Court did indicate at argument, however, that Your payment decisions may be "second-guessed" following a full merits trial, with the result that Drs. Izanec and McLaughlin may then be obligated to reimburse the Corporations for legal fees.  This is one of the reasons for having separate billing categories.  Should that ever occur, however, You agree that my firm would have no repayment obligation.

Also material to this analysis is N.J.S.A. § 14A:3-5, which allows for the indemnification by a corporation of its officers, directors or employees.  Drs. Izanec and McLaughlin are officers, directors, employees and also shareholders of the Corporations.  Under the statute, we understand that You have decided (and hereby implement said decision as a corporate resolution) to indemnify Drs. Izanec and McLaughlin by using the Corporations' funds to pay their individual legal expenses to the extent incurred herein.

We understand that Your decision to indemnify is based on the view that Drs. Izanec and McLaughlin acted in good faith and in a manner they reasonably believed to be in or not opposed to the best interests of the Corporations.  As Your outside legal counsel, we are likewise of the opinion that this view is reasonable and warranted.  We have advised you regarding the possibility of engaging a separate lawyer to independently represent the Corporations alone for the purpose of rendering the foregoing opinion.  You have decided not to do so, again in the interest of cost and efficiency, but also because the record from the Preliminary Injunction proceedings – and the Court's resulting ruling, thereafter, that Dr. Matusow had failed to establish a likelihood of success on the merits regarding his claims – offers independent objective support for the view that Drs. Izanec and McLaughlin acted in good faith and in a manner they reasonably believed to be in or not opposed to the best interests of the Corporations.

Pursuant to the indemnification statute, Drs. Izanec and McLaughlin hereby undertake to repay legal fees advanced by the Corporations on their individual behalves if it shall ultimately be finally determined by the courts that they are not entitled to indemnification under the statute.

We understand that we are not being retained as Your general counsel, and that our representation is limited to these specific matters.  Our acceptance of this representation does not involve an undertaking to represent You, Your interests, or any other affiliate, individual or entity other than as described above.  Nor will our representation encompass advice or services regarding accounting, tax, personal financial matters or business management, or any other non-legal matters.

During the engagement, we expect generally to maintain documents only in electronic (and not paper) format for reasons of cost and efficiency.  Once our engagement ends, You may direct us to return documents pertaining to the engagement to You, absent which You agree that

Case ID: 180400110

CLAYTON COMMERCIAL LITIGATION LLC

any materials left with us may be retained or destroyed at our discretion consistent with the rules of professional responsibility.

To the extent not otherwise prohibited by rules of professional responsibility, we may terminate our representation at any time if You breach any material term of this agreement including payment; fail to cooperate or follow our advice on a material matter including settlement; if a conflict of interest develops or is discovered; or if there exists, at any time, any fact or circumstance that would, in our opinion, render our continuing representation unlawful, unethical, or otherwise inappropriate.

While this letter is intended to deal only with the specific legal services described above, these terms and conditions will also apply to any additional legal services that we may subsequently provide that are outside the scope of our representation, unless otherwise specified in writing.

*Billing Matters*

Our billing arrangement encompasses both attorney's fees and expenses. Each of these categories is addressed separately below.

I currently bill for my legal services by the hour at the rate of $485/hour. That rate is subject to periodic adjustment – based on factors such as increased costs, inflation, market factors and increasing expertise – and the adjusted rate will apply to all services performed thereafter. I may also sometimes involve other personnel to assist regarding Your matter, both lawyers and staff, and will bill You for such services at market rates that are commensurate with the nature of the services, the experience of the service provider, and/or the rates typically charged by other law firms for similar services.

You will be responsible for paying all out-of-pocket expenses on an ongoing basis. Expenses typically include filing and related fees, duplicating, messenger and delivery services, overnight mail, travel, staff overtime, court reporters, transcripts and computerized legal research. You authorize us to incur all such costs as are reasonable and necessary to our representation. Please note that there are often unavoidable delays in reporting disbursements and other charges, and not all such charges will be billed at the same time as the related legal services.

Our statements will be transmitted to Drs. Izanec and McLaughlin monthly by email and are due and payable upon receipt. Each of Drs. Izanec, McLaughlin and the Corporations agrees individually to be jointly and severally responsible for their payment, which means that we can collect payment in full on any or all of the invoices from any one of You. You further hereby ratify and affirm all amounts owed under all prior invoices billed by my firm to date as Your joint and several obligation as is consistent with our original engagement letter and our

3

Case ID: 180400110

## CLAYTON COMMERCIAL LITIGATION LLC

representation to date.  Any objection to any subsequent invoice is waived unless specifically brought to our attention in writing within 60 days of the invoice date, and payment of the invoice will reflect Your agreement to the amount charged on that invoice.  For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month.  If we have to file (or otherwise become involved in) any action or proceeding to collect any payments owed, or to resolve any repayment or other claims, You will be required to pay for all costs and attorneys' fees incurred and, if we represent ourselves, You agree that fees and interest will be charged at the same terms as described herein.

If at any time You wish to discuss the scope of our representation, or the level of activity, or any other aspect of our work or billing for it, please let me know.  We look forward to this engagement very much and assure You of our commitment to deliver effective and efficient service.

Very truly yours,

E. McCord Clayton

ACKNOWLEDGED AND AGREED:

Dr. James Izanec
Individually, and on behalf of
the Corporations

DATE 8/24/12

Dr. Vincent McLaughlin
Individually, and on behalf of
the Corporations

DATE 8/24/12

4



CLAYTON COMMERCIAL LITIGATION LLC

2 Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA  19102

267-242-3943
cord@claytonlit.com
www.claytonlit.com

September 17, 2017

Via Email:
Dr. James Izanec
Dr. Vincent McLaughlin
c/o Gastroenterology Group & Endoscopy Center of South Jersey
602 W. Sherman Avenue
Vineland, NJ  08360-7072

RE:   MATUSOW *ET AL.* V. IZANEC *ET AL.* (GLO. NO. 54-16 AND CUM. NOS. 370-17, 371-17 AND 304-17)

ENGAGEMENT LETTER – ADDENDUM A

Dear Drs. Izanec and McLaughlin:

As you know, on July 15, 2017, I issued a revised engagement letter, which each of you thereafter executed.  The purpose of this Addendum A thereto is to revise and update that prior letter to account for a significant new development.

Since that prior letter, Dr. Izanec has announced that, effective September 22, 2017, he will no longer be providing patient care on a daily basis at either the Gastroenterology Group of South Jersey, P.C. ("GGSJ") or the Endoscopy Center of South Jersey, P.C. ("ECSJ") (together, the "Corporations").  I was unaware of that prospect when I drafted the prior letter.  As I understand it, the precise terms relating to this new situation remain under discussion.

As you know, in my July 15, 2017, letter, I noted the possibility that conflicts of interest may exist or arise among Dr. Izanec, Dr. McLaughlin and/or the Corporations; nevertheless, I concluded, on the basis of what I knew then, that I could properly represent all of you by myself. Given Dr. Izanec's decision, I no longer believe that.  More specifically, I no longer believe that I can fill that role *by myself alone* (although, as described below, I do believe I can continue to fulfill many of my existing duties provided that each of you also engage separate counsel to represent you individually).

On the contrary, Dr. Izanec's decision may generate material conflicts of interest between him, Dr. McLaughlin and/or the Corporations including, but not limited to, conflicts relating to (a) the structure and terms of any settlement with Dr. Matusow, (b) the structure and terms of Dr.

Case ID: 180400110

# CLAYTON COMMERCIAL LITIGATION LLC

Izanec's relationship with, or separation from, the Corporations, (c) the conduct of trial and the goals sought therein, and (d) the payment of legal fees and expenses.

My analysis in this respect is governed by the New Jersey Rules of Professional Conduct generally and, in particular, Rules 1.7, 1.8 and 1.9.  I have provided you with a copy of those Rules in their entirety and also discussed them with you.  Briefly, what they require is that (a) you expressly waive, in writing, any conflict of interest as described herein, *and also* (b) I reasonably conclude that I can provide competent and diligent representation to each of you notwithstanding the conflicts.  Finally, under Rule 1.7(b)(4), I will not be able simultaneously to represent either of you relative to any claims you may choose to assert against each other in these litigations.

As to waiver, you agree, specifically but without limitation, to the waivers described in Rules 1.7(b)(1), 1.8(b) and (g), and 1.9(a) of the Rules of Professional Conduct.  More generally, what you are agreeing is to waive any and all conflicts of interest that may currently exist or later arise; that I may continue to represent all parties as I have to date for purposes of both litigation and settlement; that I may use any information that I know or later obtain without limitation; and that I may confer with each of you (together or separately) freely, fully and without restriction.

As to providing competent and diligent representation, I believe that I can do so, but *only* if each of you also obtains individual counsel.  My reasoning is as follows.  I believe there remains a substantial overlap in your interests to the extent they relate to your joint decision to terminate Dr. Matusow, and the resolution of his claims.  I further believe I am well positioned to help you both in your efforts to resolve those claims, hopefully in a manner that is acceptable to each of you.

However, the role of an attorney, strictly speaking, is more aggressive than that: it is, instead, to forcefully advocate for the client's interests alone, often to the detriment of competing interests, and without necessarily accommodating them.

Accordingly, as part of my continued representation, it will be necessary for each of you separately to engage individual counsel.  This is necessary because such an individual lawyer will be able to zealously represent your own particular interests in this matter without being burdened by potentially conflicting obligations to any other client, and can guide you regarding decisions and disclosures relating to areas of potential conflict between you.  By signing below, you are confirming that you have actually engaged such individual counsel (as you have also told me orally), and, further, that you have consulted with said counsel regarding the potential conflicts generally, and your decisions to enter into this Addendum A specifically.

In the event I later conclude that the conflict of interest has become unmanageable, you further consent to my withdrawing from the matter entirely (and to payment in full per my prior letter up to the actual date of my withdrawal as counsel of record), or, alternatively, to my

2

Case ID: 180400110

# CLAYTON COMMERCIAL LITIGATION LLC

continuing to represent some parties but not others in my discretion consistent with the Rules of Professional Conduct.

If you agree to the terms, waivers and representations described herein, then please execute below and return the counter-signed document to me. Should you so decide, I would welcome the opportunity to continue working with you both. Thank you.

Very truly yours,

E. McCord Clayton

ACKNOWLEDGED AND AGREED:

_____          DATE_____

Dr. James Izanec
Individually, and on behalf of
the Corporations

                                          DATE 9/21/17

Dr. Vincent McLaughlin
Individually, and on behalf of
the Corporations

3

Case ID: 180400110

# CLAYTON COMMERCIAL LITIGATION LLC

continuing to represent some parties but not others in my discretion consistent with the Rules of Professional Conduct.

If you agree to the terms, waivers and representations described herein, then please execute below and return the counter-signed document to me. Should you so decide, I would welcome the opportunity to continue working with you both. Thank you.

Very truly yours,

*E. McCord Clayton*

E. McCord Clayton

ACKNOWLEDGED AND AGREED:

_____        DATE __q 25 1 7____

Dr. James Izanec
Individually, and on behalf of
the Corporations

_____        DATE _____

Dr. Vincent McLaughlin
Individually, and on behalf of
the Corporations

3